## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **DARREN SEIGEL AND HEIDI SEIGEL,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 3:18-cv-00276** |
| **U.S. BANK NATIONAL ASSOCIATION,** | § | |
| **AS TRUSTEE FOR THE STRUCTURED** | § | |
| **ASSET INVESTMENT LOAN TRUST,** | § | |
| **MORTGAGE PASS-THROUGH** | § | |
| **CERTIFICATES, SERIES 2005-10,** | § | |
| | § | |
| *Defendant*. | § | |

---

## NOTICE OF REMOVAL

---

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-10 ("Defendant") removes this action from the 122nd District of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, as follows:

### I.    STATE COURT ACTION

1.    On August 10, 2018, Plaintiffs Darren Seigel and Heidi Seigel ("Plaintiffs") filed their Original Petition and Request for Disclosures (the "Petition") in the 122nd District Court of Galveston County, Texas in an action styled *Darren Seigel and Heidi Seigel v. U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-10,* Cause No. 18-CV-1096 (the "State Court Action").

2.    Plaintiffs assert claims related to the real property located at 13727 Windlass Circle, Galveston, Texas 77554 (the "Property"). Pet. ¶ 5, 12. Plaintiffs contend that they

obtained a home-equity loan in 2005, and provided notification of constitutional violations, but Defendant allegedly failed to respond and cure the purported constitutional defects. *Id.* ¶¶ 13–17, 21. In short, Plaintiffs assert that their home-equity loan violated eighteen separate sections of the Texas Constitution at origination. *See id.* ¶ 19. Plaintiffs assert causes of action for breach of contract and suit to quiet title. *Id.* ¶¶ 20–27. Plaintiffs also seek declaratory relief and a permanent injunction enjoining Defendant from foreclosing, actual damages, exemplary damages, and attorney's fees. *Id.* ¶¶ 28–34, prayer.

3.      Defendant was served with citation and a copy of the Petition on August 15, 2018. Therefore, this removal is timely under 28 U.S.C. § 1446(b).

4.      Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.      PROCEDURAL REQUIREMENTS

5.      This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(1).

6.      The United States District Court for the Southern District of Texas, Galveston Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

7.      Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

**Exhibit A**      Index of Matters Being Filed;

**Exhibit B**      Civil Cover Sheet;

| | |
|---|---|
| **Exhibit C** | List of all counsel of record, including addresses, telephone numbers and parties represented; |
| **Exhibit D** | State Court Civil Docket; |
| **Exhibit D-1** | Plaintiffs' Original Petition |
| **Exhibit D-2** | Citation, Service, and Conference Setting |
| **Exhibit D-3** | Return of Service |
| **Exhibit D-4** | Defendant's Original Answer |
| **Exhibit E** | Galveston County Appraisal District valuation for the Property. |

8.     Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously, with the filing of this Notice of Removal, (1) serving Plaintiffs with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 122nd Judicial District Court of Galveston County, Texas.

## III.     DIVERSITY JURISDICTION

9.     Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court.  *See* 28 U.S.C. §§ 1332(a), 1441(a).  Complete diversity exists in this case because Plaintiffs are not a citizen of the same state as Defendant.   Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

### A.     THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

10.     Plaintiffs are natural persons so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely."  *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553,

555-56 (5th Cir. 1985)).  Plaintiffs are domiciled in Texas.  *See* Pet. ¶ 12.  Thus, Plaintiffs are citizens of Texas.

11.    U.S. Bank National Association is a national banking association organized under federal law with its main office in Cincinnati, Ohio, as designated in its Amended and Restated Articles of Association.  The citizenship of U.S. Bank National Association is determined solely by the location of its main office, as designated in its articles of association.  *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Therefore, Defendant is a citizen of Ohio for diversity purposes.  28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 318.

12.    Because Plaintiffs are citizens of Texas and Defendant is a citizen of Ohio, complete diversity exists among the parties.  *See* 28 U.S.C. § 1332(c)(1).

## B.    AMOUNT IN CONTROVERSY

13.    Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).  A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.  *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d.

1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., LLC*, 541 F. App'x 340, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

15.     Additionally, the Court may consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Prop. Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *8-9 (N.D. Tex. May 20, 2008) (considering plaintiffs' request for exemplary damages and potential recovery pursuant to TEX. CIV. PRAC. & REM. CODE § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Bldg. Supply of Tex., LP,* 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

16.     Based on a review of the Petition and the evidence presented, the amount at issue exceeds $75,000, exclusive of interest and costs.  This is because Plaintiffs seeks permanent injunctive relief to preclude the foreclosure sale of the Property and seek to quiet title in the Property, thereby resulting in the entire value of the Property being squarely at issue.  *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *see also Nationstar Mortg. LLC*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-48; *Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App'x 340, 342 (5th Cir. 2013); *Brooks v. Wells Fargo Bank, N.A.*, No. 3:15-CV-245-L, 2015 WL 390674, at *3 (N.D. Tex. Jan. 29, 2015) ("Plaintiff's suit to quiet title to the property calls into question a right to the property in its entirety, and the amount in controversy is equal to the value of the property.").  According to the Galveston County Appraisal District, the market value of the Property is $1,065,260.  *See* **Exhibit E**.[1]

17.     Plaintiffs also seek actual damages, exemplary damages, and attorney fees.  Although Defendant vehemently denies that Plaintiffs are entitled to any injunctive relief or damages, when the value of the Property, actual damages, exemplary damages, and attorney fees are all included in the amount in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.     Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Therefore, removal is proper.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the Galveston County Appraisal District tax record for the Property.

## IV.    CONCLUSION

WHEREFORE, Defendant removes this action from the 122nd District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**Robert T. Mowrey (Attorney-in-Charge)**
State Bar No. 14607500
S.D. Tex. Bar No. 9529
rmowrey@lockelord.com
**Marc D. Cabrera**
State Bar No. 24069453
S.D. Tex. Bar No. 1093318
mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)

**Daniel Durell**
State Bar No. 24078450
S.D. Tex. Bar No. 2745564
daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 14th day of September 2018, to the following:

**VIA FACSIMILE AND U.S. MAIL**
Robert "Chip" Lane
Joshua D. Gordon
THE LANE LAW FIRM
6200 Savoy Drive, Suite 1150
Houston, Texas 77036-3300
(713) 595-8200 (Telephone)
(713) 595-8201 (Facsimile)
***Attorneys for Plaintiffs***

Daniel Durell